## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                                                      )<br>                    Plaintiff,        )<br>                                                      )<br>            vs.                                    )<br>                                                      )<br>DERRICK D. WEST-JONES,      )<br>                                                      )<br>                    Defendant.    ) | 8:10CR33<br><br>DETENTION ORDER |

A. **Order For Detention**
   After conducting a detention hearing pursuant to 18 U.S.C. § 3142(f) of the Bail Reform Act on June 17, 2010, the Court orders the above-named defendant detained pursuant to 18 U.S.C. § 3142(e) and (i).

B. **Statement Of Reasons For The Detention**
   The Court orders the defendant's detention because it finds:
   __X__ By a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.
   __X__ By clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community.

C. **Finding Of Fact**
   The Court's findings are based on the evidence which was presented in court and contained in the Pretrial Services Report, and includes the following:
   __X__ (1) Nature and circumstances of the offense charged:
         __X__ (a) The crime: a conspiracy to distribute and possess with intent to distribute "crack" cocaine (Count I) in violation of 21 U.S.C. § 846 carries a minimum sentence of five years imprisonment and a maximum of forty years imprisonment; the distribution of "crack" cocaine (Count II) in violation of 21 U.S.C. § 841(a)(1) carries a maximum sentence of twenty years imprisonment; the possession with intent to distribute "crack" cocaine (Count III) in violation of 21 U.S.C. § 841(a)(1) carries a minimum sentence of five years imprisonment and a maximum of forty years imprisonment; and the possession of a firearm by a convicted felon (Count IV) in violation of 18 U.S.C. § 922(g) carries a maximum sentence of ten years imprisonment.
         _____ (b) The offense is a crime of violence.
         _____ (c) The offense involves a narcotic drug.
         _____ (d) The offense involves a large amount of controlled substances, to wit: _____
   _____ (2) The weight of the evidence against the defendant is high.
   __X__ (3) The history and characteristics of the defendant including:
         (a) General Factors:
               _____ The defendant appears to have a mental condition which may affect whether the defendant will appear.
               _____ The defendant has no family ties in the area.
               __X__ The defendant has no steady employment.
               __X__ The defendant has no substantial financial resources.
               _____ The defendant is not a long time resident of the community.
               _____ The defendant does not have any significant community ties.

DETENTION ORDER - Page 2

        Past conduct of the defendant:
- __X__ The defendant has a history relating to drug abuse.
- ____ The defendant has a history relating to alcohol abuse.
- __X__ The defendant has a significant prior criminal record.
- __X__ The defendant has a prior record of failure to appear at court proceedings.

(b) At the time of the current arrest, the defendant was on:
- ____ Probation
- ____ Parole
- ____ Release pending trial, sentence, appeal or completion of sentence.

(c) Other Factors:
- ____ The defendant is an illegal alien and is subject to deportation.
- ____ The defendant is a legal alien and will be subject to deportation if convicted.
- ____ The Bureau of Immigration and Custom Enforcement (BICE) has placed a detainer with the U.S. Marshal.
- ____ Other: _____

__X__ (4) The nature and seriousness of the danger posed by the defendant's release are as follows: The nature of the charges in the Indictment and the defendant's extensive criminal history.

__X__ (5) **Rebuttable Presumptions**
In determining that the defendant should be detained, the Court also relied on the following rebuttable presumption(s) contained in 18 U.S.C. § 3142(e) which the Court finds the defendant has not rebutted:

- __X__ (a) That no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community because the Court finds that the crime involves:
  - ____ (1) A crime of violence; or
  - ____ (2) An offense for which the maximum penalty is life imprisonment or death; or
  - __X__ (3) A controlled substance violation which has a maximum penalty of 10 years or more; or
  - ____ (4) A felony after the defendant had been convicted of two or more prior offenses described in (1) through (3) above, and the defendant has a prior conviction for one of the crimes mentioned in (1) through (3) above which is less than five years old and which was committed while the defendant was on pretrial release.
- __X__ (b) That no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because the Court finds that there is probable cause to believe:
  - __X__ (1) That the defendant has committed a controlled substance violation which has a maximum penalty of 10 years or more.
  - ____ (2) That the defendant has committed an offense under 18 U.S.C. § 924(c) (uses or carries a firearm during and in relation to any crime of violence, including a crime of violence, which provides for an enhanced punishment

DETENTION ORDER - Page 3

>if committed by the use of a deadly or dangerous weapon or device).

D. **Additional Directives**

Pursuant to 18 U.S.C. § 3142(i)(2)-(4), the Court directs that:
1. The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal; and
2. The defendant be afforded reasonable opportunity for private consultation with counsel; and
3. That, on order of a court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED:   June 17, 2010.           BY THE COURT:

                                  s/Thomas D. Thalken
                                  United States Magistrate Judge